IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ONE 1999 FORD EXPEDITION
VIN: 1FMRU1861XLB98912
NEW YORK LICENSE NO.: CMD-2955,

        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STIPULATED SETTLEMENT AGREEMENT AND ORDER OF FORFEITURE

06-CV-0305 (GHL)

FILED
JUN 02 2008
AT _____ O'CLOCK _____
Lawrence K. Baerman, Clerk - Syracuse
U.S. DISTRICT COURT - N.D. OF N.Y.

**IT IS HEREBY STIPULATED AND AGREED** by and between the plaintiff, United States of America, and its attorneys, Glenn T. Suddaby, United States Attorney for the Northern District of New York and Thomas A. Capezza, Assistant United States Attorney, and claimant, Tudor C. Thomas, Jr., through his attorney, John A. LoFaro, Esq., that:

**WHEREAS,** the United States of America filed a Verified Complaint for Forfeiture against the defendant, 1999 Ford Expedition, Vin #1FMRU1861XLB98912, New York license plate #CMD-2955, (06-CV-0305) in which it alleged that the defendant vehicle was used in violation of Title 21 U.S.C. §881, and subject to forfeiture pursuant to 21 U.S.C. §881 (a)(4)(6);.

**WHEREAS,** Tudor C. Thomas, Jr. is the person claiming an ownership interest in the defendant 1999 Ford Expedition, Vin #1FMRU1861XLB98912, New York license plate #CMD-2955;

**WHEREAS,** upon information and belief, the known potential claimant to the

defendant property is not in the military service of the United States and is not an infant nor incompetent person; and

**WHEREAS,** all the parties desire settlement of this matter without the need for further litigation;

**NOW THEREFORE,** the parties agree as follows:

1. That $3,000.00 in United States currency shall be forfeited to the United States of America and the 1999 Ford Expedition, Vin #1FMRU1861XLB98912, New York license plate #CMD-2955 shall be returned to the claimant, Tudor C. Thomas, Jr. by and through his attorney, John A. LoFaro, Esq.

2. The claimant has sixty (60) days from the date of this Order to pay the sum of $3,000.00 to the United States Marshals Service and upon receipt of payment, the United States of America will within thirty (30) days, release said vehicle.

3. The claimant, Tudor C. Thomas, Jr., relinquishes and agrees to forfeit all of his right, title and interest in $3,000.00 in United States currency to the United States of America.

4. The claimant, Tudor C. Thomas, Jr., shall sign a release and hold harmless agreement in the form attached hereto.

5. The United States Marshals Service will be directed to dispose of the $3,000.00 in United States currency in accordance with law.

6. The claimant agrees that he did not substantially prevail in this claim, and each of the parties agrees to bear their own costs and any and all attorneys fees acquired by the parties as the result of the seizure are the responsibility of each of the parties.

7. The terms and conditions herein represent the whole and complete agreement between the parties, and no other terms, conditions, previous agreements, or memoranda will be demanded, excepted, requested or performed by the parties.

8. This Court shall retain jurisdiction in the case for the purpose of enforcing the terms of this agreement.

Dated: 05/09/08

GLENN T. SUDDABY
UNITED STATES ATTORNEY
Northern District of New York

*[signature: Paula Ryan for Tom Capezza]*
Thomas A. Capezza
Assistant U.S. Attorney
Bar Roll No. 503159

Dated: 5/8/08

John A. LoFaro, Esq.
Attorney for the Claimant
Bar Roll No. 506079

Dated: 5/8/08

*[signature]*
Tudor C. Thomas, Jr., Claimant

## HOLD HARMLESS AND RELEASE AGREEMENT

**Property Seized:**     1999 Ford Expedition, Vin #1FMRU1861XLB98912,
New York license plate #CMD-2955

In exchange for the return of 1999 Ford Expedition, Vin #1FMRU1861XLB98912, New York license plate #CMD-2955, **Tudor C. Thomas, Jr.,** hereby agrees to forfeit $3,000.00 in United States currency to the United States of America for disposition in accordance with law and to release and forever discharge the United States, Drug Enforcement Administration, its officers, agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims and/or demands whatsoever in law or equity that Tudor C. Thomas, Jr., or his heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention and/or release by agents of the Department of Justice, of the above listed property.

**Tudor C. Thomas, Jr.,** further agrees to hold and save the United States, Drug Enforcement Administration, its officers, agents, servants and employees, their heirs, successors, or assigns, harmless from any claims by any other person, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever in connection with the detention, seizure, and/or release by agents of the Department of Justice of the above listed property.

Dated: ___6\4___, 2008          BY: _____
                                     Tudor C. Thomas, Jr., Claimant

                           Witnessed by: _____

*******************

THIS COURT having before it the Stipulated Agreement of the parties to the above-referenced action, and the parties having agreed to its terms as indicated by their signatures, it is hereby;

ORDERED, that the claimants have sixty (60) days from the date of this Order to pay the sum of $3,000.00 to the United States Marshals Service and upon receipt of payment, the United States of America will within thirty (30) days, release said vehicle.

ORDERED, that the sum of $3,000.00 in United States currency is forfeited to the United States of America, and it is further;

ORDERED, that the United States Marshals Service for the Northern District of New York will be directed to dispose of the $3,000.00 in United States currency in accordance with law and it is further;

ORDERED, that the 1999 Ford Expedition, Vin #1FMRU1861XLB98912, New York license plate #CMD-2955 shall be returned to claimant Tudor C. Thomas, Jr. by and through his attorney, John A. LoFaro, Esq., 307 South Clinton Street, Syracuse, New York 13202 and it is further;

ORDERED, that each side bear its own costs and it is further;

ORDERED, that the Clerk of the Court shall enter judgments of forfeiture to the United States of America in accordance with the terms of this Order.

Dated: JUNE 2, 2008

*[signature]*
HONORABLE GEORGE H. LOWE
UNITED STATES MAGISTRATE JUDGE  * SEE ATTACHED PAGE

\* I note that the parties do not cite the rule or statute upon which they base their request for a Court Order. I do not construe their request to be made under Fed. R. Civ. P. 41(a)(2). Nor do I construe their Stipulated Settlement Agreement to be a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A) (which would, because it is self-executing, deprive the Court of the jurisdiction to issue a Court Order). Rather, I construe their request to be made under Fed. R. Civ. P. 54 and 58 . *See, e.g., United States v. Summit Equip. & Supplies*, 90-CV-1704, 2006 U.S. Dist. LEXIS 11317, at \*8 (N.D. Ohio March 20, 2006); *United States v. $109,445.00 in United States Currency*, 165 F.R.D. 64, 65 & n.1 (E.D. Tex. 1996); *see also* Judith Resnik, "Failing Faith: Adjudicatory Procedure in Decline," 53 *U. Chi. L. Rev.* 494, 496 & n.8 (1986) ("At a practical level, the [Federal] Rules [of Civil Procedure] do not inform litigators about what pieces of paper must be filed in order to obtain entry of a consent judgment. . . . [Although] Rules 54 . . . and 58 . . . of the Federal Rules provide for judgments, [] neither rule specifically discusses the procedures for submitting proposed consent judgments. Consent judgments are typically used in actions in which the litigants foresee enforcement difficulties."). I further note that I find the Government's request for a Court Order (which is unopposed) to be supported by cause, and to be based on terms that appear reasonable and fair.